**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PATRICIA A. SMITH,
<u>Plaintiff-Appellant,</u>

v.

COUNTY OF CULPEPER, VIRGINIA;

CULPEPER COUNTY DEPARTMENT OF
SOCIAL SERVICES; CALVIN L.
COLEMAN,
<u>Defendants-Appellees.</u>

No. 99-1157

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CA-98-3-3)

Submitted: August 24, 1999

Decided: September 9, 1999

Before MURNAGHAN, LUTTIG, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

C. Waverly Parker, Sr., Standardsville, Virginia, for Appellant. Robert A. Dybing, John A. Gibney, Jr., SHUFORD, RUBIN & GIBNEY, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Patricia A. Smith appeals from the district court's order granting summary judgment in favor of Appellees in her Title VII action, 42 U.S.C. § 2000e-2(a)(1) (1994). We have reviewed the record, find no reversible error, and affirm.

Smith first claims that the district court erred when it granted summary judgment to Appellee Calvin Coleman. Coleman was not individually liable for violations of Title VII; thus, the district court properly granted summary judgment on this claim. See Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998).

We further find that summary judgment was properly granted to Appellees County of Culpeper, Virginia, and to the Culpeper County Department of Social Services. We assume for the purposes of this appeal that Coleman's ambiguous "road trip" statement was a proposition. Even assuming that Smith properly raised her quid pro quo claim before the district court, Appellees were entitled to summary judgment because she failed to adduce any facts showing that Coleman fulfilled the alleged threat to reduce her salary. See Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, ___, 118 S. Ct. 2257, 2264-65 (1998); Brown v. Perry, ___ F.3d ___, 1999 WL 504814 (4th Cir. July 14, 1999) (No. 97-1501). Further, we find that Smith did not adduce facts sufficient to support a jury's finding that she was constructively discharged. See Andrade v. Mayfair Management, Inc., 88 F.3d 258, 262 (4th Cir. 1996); Bristow v. Daily Press, Inc., 770 F.2d 1251, 1255 (4th Cir. 1985). We also find that a jury, when viewing the totality of the circumstances from the standpoint of a reasonable person in Smith's position, could not find Coleman's isolated statement to be so extreme as to amount to a change in the terms and conditions of Smith's employment. See Faragher v. City of Boca Raton, 524 U.S. 775, ___, 118 S. Ct. 2275, 2283 (1998).

2

Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3